**UNITED STATES of America,**
**Appellee,**

v.

**Joseph VANTERPOOL, Appellant.**

**No. 417, Docket 31120.**

United States Court of Appeals
Second Circuit.

Argued April 18, 1967.

Decided May 5, 1967.

Robert P. Leighton, New York City (Herman Blitz, Bronx, N. Y., on the brief), for appellant.

Max Wild, Asst. U. S. Atty. (Robert M. Morgenthau, U. S. Atty., for the Southern District of New York, John S. Allee, Asst. U. S. Atty., of counsel), for appellee.

Before LUMBARD, Chief Judge, and KAUFMAN and HAYS, Circuit Judges.

IRVING R. KAUFMAN, Circuit Judge.

The narrow issue presented by this appeal is whether the District Judge, who presided at appellant's first trial, exceeded his authority under Rule 33 of the Federal Rules of Criminal Procedure when he set aside the jury's verdict and ordered a new trial for the appellant.

Joseph Vanterpool was indicted in March 1966 and charged with 2 sales of heroin in violation of 21 U.S.C. §§ 173 and 174. His first trial was held approximately 3 months later before Judge Cooper and a jury. Evidence was presented which indicated that in December 1965 and February 1966 Vanterpool participated in 2 sales of heroin to Narcotics Agent John Coursey, who was acting in an undercover capacity. Appellant took the witness stand to testify in his own behalf. On cross-examination, the Assistant United States Attorney utilized for purposes of impeachment a pre-arraignment question and answer statement that Vanterpool had given to another Assistant United States Attorney. This use of the prior questions and answers, and the admission of the transcribed statement itself into evidence were strenuously objected to by defense counsel on the authority of Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), decided by the Supreme Court one week previously.[1]

---

1. The question and answer statement contained the following colloquy between Assistant United States Attorney Dodds and the appellant, which the government contended adequately informed Vanterpool of his rights:

Q. * * * Do you understand what the charge is? A. Yes.

Q. I want to advise you that you have a right to an attorney and to consult with a lawyer at this time. Do you have a lawyer? A. No, I don't have a lawyer.

Q. Do you have the money to hire a lawyer? A. No.

Q. The Commissioner who will fix bail in your case also will tell you about the steps that can be taken to assign a lawyer if you don't have the money to hire one. Is there anyone you would like to talk to now to get legal advice or to find out whether one can be contacted? A. There would be no way to reach them. * * *

Q. * * * I also want you to know that you don't have to answer any of the questions that I am going to ask you. You may remain silent and not say anything. Anything you do say may be used against you at a later time as evidence. Do you understand everything I have explained to you? A. Yes.

Counsel for appellant argued to Judge Cooper that Vanterpool had not been informed that he could have counsel as-

After a 2-day trial, the jury returned a verdict of guilty. Eight days later, on June 30 and before sentencing, Judge Cooper's law clerk wrote to the parties requesting the submission of memoranda on the *Miranda* issue.[2] The parties complied, subsequently exchanging and filing briefs. After studying the matter at some length, Judge Cooper concluded that the warnings or notifications given by the Assistant United States Attorney who questioned Vanterpool prior to the taking of the statement did not meet the *Miranda* test since appellant was not informed that counsel could be assigned prior to interrogation and could be present at the questioning. Therefore, the use of appellant's statement for impeachment, the Judge found, was erroneous and prejudicial, and since he believed there was more than a reasonable probability that it had contributed to the jury's verdict, he set it aside and ordered a new trial.

Approximately 2 months after this action by Judge Cooper, Vanterpool's second trial commenced on October 17, before Judge Cannella sitting without a jury. The evidence produced was, in the main, similar to that offered at the first trial, except that no reference was made to the prior statement. When the prosecution's case was drawing to a close, Vanterpool questioned for the first time the propriety of Judge Cooper's new trial order, and moved for a dismissal of the indictment because he had been subjected to double jeopardy. Judge Cannella later denied this motion and found Vanterpool guilty, as charged, of 2 counts of violating 21 U.S.C. §§ 173 and 174. He was sentenced to the mandatory minimum term of 5 years on each count, the terms to run concurrently.

Vanterpool does not claim that the evidence produced at this second trial was insufficient to support his conviction. He raises instead the interesting point that Rule 33, as it read on June 30 when Judge Cooper's law clerk wrote to the parties, and on August 19 when a new trial was ordered, did not authorize the Judge to order a new trial. Appellant also contends that the second trial violated the guarantee against double jeopardy contained in the Fifth Amendment.

■ We find it unnecessary to consider Vanterpool's claim of double jeopardy, for we agree with his contention that Judge Cooper lacked the power under either version of Rule 33 to order a new trial. We are inexorably led to

signed *before* arraignment, and therefore his confesson was barred by the *Miranda* decision in which the Supreme Court stated, *inter alia:*

> An individual need not make a pre-interrogation request for a lawyer. While such request affirmatively secures his right to have one, his failure to ask for a lawyer does not constitute a waiver. No effective waiver of the right to counsel can be recognized unless specifically made after the warnings we here delineate have been given. The accused who does not make a request may be the person who most needs counsel. * * *
> *     *     *     *     *
> Accordingly we hold that an individual held for interrogation must be clearly informed that he has the right to consult with a lawyer and to have the lawyer with him during interrogation * * * 384 U.S. at 470–471, 86 S.Ct. at 1626, 16 L.Ed.2d 694.

Despite the fact that his statement was taken before *Miranda*, Vanterpool could

avail himself of the rules of that case because his trial commenced on June 20, 1966, after *Miranda* had been decided. See Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966).

2. The following letter was sent to the parties:

> During the course of trial, the defendant moved to keep out from the record all reference to the contents of what ultimately became Government Exhibit 31, as well as the exhibit itself, relying on the authority of Miranda v. State of Arizona, recently decided by the United States Supreme Court.
>
> Judge Cooper believes that same motion may still be pressed despite the verdict. Accordingly, both sides are notified to submit memoranda on that issue only by July 13th. The memoranda are to be exchanged and reply briefs are to be due on July 18th.

this conclusion by a study of the language of the Rule, and the cases that have interpreted it. We shall first consider the Rule as it read on June 30, 1966. At that time it provided:

> The court may grant a new trial to a defendant if required in the interest of justice. * * * A motion for a new trial based on the ground of newly discovered evidence may be made only before or within two years after final judgment, * * *. A motion for a new trial based on any other grounds shall be made within 5 days after verdict or finding of guilty or within such further time as the court may fix during the 5-day period.

■ It is not altogether clear whether a district judge had the power to order a new trial *sua sponte* pursuant to the Rule as it read on June 30. The Supreme Court commented on this in United States v. Smith, 331 U.S. 469, 472, 67 S.Ct. 1330, 1332, 91 L.Ed. 1610 (1947): "It may be worthy of note that Rule 33 provides that' a court may *grant* a new trial *to* a defendant, and does not say that the court may *order* a new trial." But assuming *arguendo* that this power existed, it is firmly established that a judge cannot order a new trial *sua sponte* at a time when the parties no longer have the right to initiate such a motion. As the Supreme Court stated in *Smith:*

> We think that expiration of the time [5 days] within which relief can openly be asked of the judge, terminates the time within which it [a new trial]

can properly be granted on the court's own initiative. If the judge needs time for reflection as to the propriety of a new trial, he is at liberty to take it before denying a timely made motion therefor. 331 U.S. at 475, 67 S.Ct. at 1333.[3]

The *ratio decidendi*, the Court noted, was to avoid serious questions of finality of judgment for purposes of appellate review, see 28 U.S.C. § 1291, for if district judges had the power to order new trials on their own initiative at any time, it would be difficult to determine when a judgment was "final" in any meaningful sense because of the absence of time restrictions.[4]

Furthermore, it should be noted that the time limitations imposed by Rule 33 did not result in any denial of justice for the criminal defendant. The Rule empowered the district judge to entertain motions to extend the time to move, provided the application was timely made. Justice requires that questions relating to the propriety of a trial be resolved as promptly as possible after the termination of a trial, "and that decision be not deferred until the trial's story has taken on the uncertainty and dimness of things long past." United States v. Smith, supra at 476, 67 S.Ct. at 1334.

Turning our attention to the task of applying former Rule 33, as interpreted by *Smith* and *Robinson*, supra, to the facts of the present case, it is clear to us that Judge Cooper lacked the power to order a new trial. Even if we were

3. This holding was elucidated in United States v. Robinson, 361 U.S. 220, 225–226, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960), where the Court said, "In United States v. Smith * * * it was held that the power of the District Court *sua sponte* to grant a new trial under Rule 33 is limited to the time fixed in that Rule." It should also be noted that Rule 45(b) of the Federal Rules of Criminal Procedure provides in part that "the court may not extend the time for taking any action under * * * [Rule] 33 * * * except to the extent and under the conditions stated in [it]."

4. It might be argued that since a District Judge pursuant to Rule 33 may, for a

period up to 2 years after judgment, grant a new trial on the ground of newly discovered evidence, the judgment is not really "final." But finality is a relative concept. A judgment is final, for example, though it may later be collaterally attacked. The 2-year exception, it should be noted, is limited to the rare case where new evidence is subsequently uncovered. This exception is necessitated by the fact that by its very terms, "newly discovered evidence" was not known to the defendant at the conclusion of his trial and so could not be brought to the court's attention at that time.

to assume that the letter sent by the Judge's law clerk constituted an *invitation* to Vanterpool to move for a new trial[5] and not a *sua sponte* act, the court's course of action would not be timely. The letter of June 30 was sent 7 days after the jury returned its verdict of guilty, whereas the Rule provided that the application must be initiated within 5 days.[6] The memoranda submitted by Vanterpool (at Judge Cooper's invitation) requesting a new trial were not filed until sometime in July. Viewed in any light, the motion would not be timely.

Even if we were to apply the new version of Rule 33 (effective on July 1, 1966, well before Judge Cooper ordered a new trial) to this case, our conclusions would be the same. The amended Rule provides:

> The court *on a motion of a defendant* may grant a new trial to him if required in the interest of justice. * * * A motion for a new trial based on the ground of newly discovered evidence may be made only before or within two years after final judgment. * * * A motion for a new trial based on any other grounds shall be made within 7 days after verdict or finding of guilty or within such further time as the court may fix during the 7-day period. (Emphasis added.)

The Note of the Advisory Committee on Rules is particularly pertinent to the issue we are deciding:

> The amendments to the first two sentences make it clear that a judge

has no power to order a new trial on his own motion, that he can act only in response to a motion timely made by a defendant. Problems of double jeopardy arise when the court acts on its own motion. See United States v. Smith, 331 U.S. 469, [67 S.Ct. 469, 91 L.Ed. 1610] (1947).

It is clear, therefore, that if the amended Rule provides the gauge by which to measure the Judge's order, it would appear that he was without power to act as he did, for the Rule did not authorize him to order a new trial *sua sponte*. And, even if we were to construe appellant's July memoranda (submitted at the Judge's request) as constituting Vanterpool's motion for a new trial, it would not have been timely for it was beyond the time limits fixed in the Rule.

■ Having determined that Judge Cooper lacked the power to order a new trial, it does not follow, however, that the indictment should be dismissed. Lacking the power to act as he did, the Judge's order was void in all respects. While the second conviction must accordingly be reversed because of the absence of power to order the first conviction set aside, the sequela would be that Vanterpool's initial conviction remained intact. The case is, therefore, remanded to the District Court for imposition of sentence upon that conviction. Of course, the appellant will have the usual time for filing and prosecuting his appeal (raising, if he sees fit, the propriety of using his statement) after sentencing and entry of judgment on that conviction.

Reversed and remanded.

---

5. It might be argued that the letter (note 2 supra) could be construed as suggesting to the appellant that he renew the motion made at trial to exclude all reference to the statement (Govt's Exh. 31). But, on appeal the government does not press this contention and, in any event, this would be placing a premium on form and not substance, and is without merit.

6. In June 1966, when the clerk's letter was sent, Rule 45(a) of the Federal Rules

of Criminal Procedure provided that "When a period of time prescribed or allowed is less than 7 days, intermediate Sundays and holidays shall be excluded in the computation." Therefore, since Rule 33 set a 5-day period for making a new trial motion, Sunday, June 26, is not to be used in computing the time within which the motion could have been made