539 P.2d 888

**The STATE of Arizona, Appellant,**

v.

**Quincy James HOPPER, Appellee.**

**No. 3011.**

Supreme Court of Arizona,
In Banc.

Sept. 3, 1975.

Rehearing Denied Oct. 7, 1975.

———◆———

Moise Berger, Maricopa County Atty. by William B. DeMars, Jr., Deputy County Atty., Phoenix, for appellant.

Hadley & Lea by Stephen R. Lea, Phoenix, for appellee.

CAMERON, Chief Justice.

This is an appeal by the State from an order of the trial court upon its own motion granting a new trial. Defendant Quincy James Hopper had been found guilty in the Superior Court of Maricopa County of violating A.R.S. § 13–652, committing lewd and lascivious acts, a felony.

We are called upon to determine whether the trial court was in error in granting a new trial upon the court's motion and without the consent of the defendant.

The essential facts of this case are that defendant was charged with having committed lewd and lascivious acts with his ten year old stepdaughter on or about 26 July 1973. After trial to the court without a jury on 12 March 1974, he was found guilty by the court. Sentencing was first scheduled for 12 April 1974 but later postponed to 31 May. In the meantime, upon the order of the court, appellee was given a psychological evaluation, a psychiatric examination, and a polygraph examination. On 31 May the court instead of sentencing defendant, ordered granting a new trial sua sponte. At this time the court indicated that it was so ordering because the verdict was contrary to the weight of the evidence.

This case is governed by the Rules of Criminal Procedure as they were prior to 1 September 1973, although new Rule 24.1 would lead us to the same result on this single issue. Old Rule 307 read:

"When a verdict has been rendered against the defendant, or the defendant has been found guilty by the court, the court on motion of defendant, or on its own motion with the consent of the defendant, may grant a new trial."

The transcript of the record indicates that the defendant was present with counsel at the time the court made the ruling in question. At no time did the defendant indicate his consent to the granting of the new trial. It is also noted that the answering brief filed by defendant's attorney is void of any statement urging that the defendant did, by his presence and silence, consent to the granting of a new trial at the time. Neither does he now indicate his consent to the granting of a new trial though defendant in his brief generally opposes the appeal. After carefully considering the record in this case, we are unable to find anything which would meet the requirement of the statute that the defendant must consent when the court, on its own motion, grants a new trial.

Upon the issuance of the mandate in this case, the order granting a new trial is reversed and set aside, and this cause is remanded to the trial court for entry of judgment on the conviction and for sentencing thereon.

STRUCKMEYER, V. C. J., and LOCKWOOD, HAYS and HOLOHAN, JJ., concur.