Pete ZARAGOSA, Appellant,

v.

The STATE of Texas, Appellee.

No. 60434.

Court of Criminal Appeals of Texas,
Panel No. 1.

May 23, 1979.

Rehearing En Banc Denied Oct. 31, 1979.

Allan R. Manke, San Antonio, on appeal only, for appellant.

Bill M. White, D.A., Sharon S. MacRae and H. Wayne Campbell, Asst. Dist. Attys., San Antonio, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and PHILLIPS and TOM G. DAVIS, JJ.

## OPINION

ONION, Presiding Judge.

This appeal is taken from a conviction for carrying a handgun on licensed premises which resulted, following a guilty plea, in a bench trial. The punishment was assessed at eight (8) years' imprisonment in light of the allegation and proof of one of two prior convictions alleged for the enhancement of punishment.

The appeal presents a case of initial impression given its unique fact situation concerning the power of the trial court to grant a motion for new trial of its own accord. The record reflects that originally the appellant entered a "not guilty" plea to

the indictment in a bench trial which commenced on July 12, 1977. After the State presented its case as the primary offense, appellant's counsel asked time to secure certain witnesses. A recess ensued. The docket sheet reflects that on July 19, 1977 the trial was reconvened, that evidence was heard, and that the trial court found the appellant was guilty and had been twice previously convicted of the felonies alleged.[1] The statement of facts, however, does not reflect what evidence was produced at the July 19th hearing. The statement of facts jumps from the recess on July 12th until an apparent hearing on September 15, 1977 on the motion for new trial (filed on July 26th). At the commencement of such hearing, appellant's counsel announced that the appellant was withdrawing his motion for new trial. No evidence was offered. In response to the court's inquiry, the appellant personally acknowledged he was waiving his motion for new trial and agreeing to accept sentence. In the process of formally pronouncing sentence, the trial court stopped and asked to examine the motion for new trial (a general form motion).[2] Mention was then made by the court that the "enhancement proof in this case . . would be inadmissible under the case that we read after this trial." The court then orally granted the motion for new trial, stating, "I think we may as well straighten it out here rather than doing it on appeal."

The State took exception to the court's action, and appellant's counsel simply replied, "Okay, Sir."

Subsequently, the appellant filed a "Plea In Bar" alleging the enhancement portion of the indictment had not been properly proven and he would be placed in jeopardy if retried. The record does not show that such plea was ever presented to or acted upon by the trial court.

On March 29, 1978, the appellant waived trial by jury and entered a guilty plea before the court to the primary offense and a plea of "true" to the third paragraph of the indictment. The first prior conviction alleged for enhancement of punishment (alleged in second paragraph) was waived and abandoned by the State.[3] The court assessed punishment at eight (8) years' imprisonment.

On appeal from this conviction, appellant asserts that the court erred in granting a new trial after he had abandoned his motion for new trial following his first conviction, and that in being forced to trial a second time he was placed in double jeopardy in violation of the federal and state constitutions.

Generally, a motion for new trial must be determined within twenty days after it has been filed or it will be deemed overruled by operation of law. Article 40.05, V.A.C. C.P.;[4] *Trevino v. State*, 565 S.W.2d 938

---

1. The formal written judgment reflects the trial "commenced" on July 12th. A separate page in the record shows the judgment was filed on July 12th, although the docket sheet reflects evidence was heard on July 19th and the judgment was then entered. While the judgment would normally control over the docket sheet, we do not view the two as being inconsistent. It appears that only on the separate page a clerical error was made as to the date the judgment was filed. Thus, there should be no question that the appellant's motion for new trial filed on July 26, 1977 was timely filed within the ten day period authorized by Article 40.05, V.A.C.C.P.

2. The new trial motion simply states: (1) the judgment is contrary to the law; and (2) there was no evidence to support the finding of the court.

3. In the pleadings and in the statement of facts the second and third paragraphs of the indictment alleged for the purpose of enhancement of punishment are referred to as "counts" by all parties in this record. They are not "counts" and should not be referred to as such. *Square v. State*, 145 Tex.Cr.R. 219, 167 S.W.2d 192 (1942); *Beck v. State*, 420 S.W.2d 725 (Tex.Cr.App.1967); *Steward v. State*, 422 S.W.2d 733 (Tex.Cr.App.1968); *Baker v. State*, 437 S.W.2d 825, 827 (Tex.Cr.App.1969) (Concurring Opinion); *Hathorne v. State*, 459 S.W.2d 826 (Tex.Cr.App.1970); *Branch v. State*, 445 S.W.2d 756 (Tex.Cr.App.1969).

4. Article 40.05, V.A.C.C.P., provides:
   "A motion for new trial shall be filed within ten days after conviction as evidenced by the verdict of the jury, and may be amended by leave of the court at any time before it is acted on within twenty days after it is filed. Such motion shall be presented to the court within ten days after the filing of the original or amended motion, and shall be determined

(Tex.Cr.App.1978); *Abrams v. State*, 563 S.W.2d 610 (Tex.Cr.App.1978); *McIntosh v. State*, 534 S.W.2d 143 (Tex.Cr.App.1976); *Resendez v. State*, 523 S.W.2d 700 (Tex.Cr.App.1975). While the provisions of Article 40.05, supra, permit the trial court to extend the time to file or amend a motion for new trial, it does not authorize an extension of time in which such a motion may be *determined*, and it has been held that a hearing conducted after a motion for a new trial has been overruled by operation of law will not be considered on appeal. *Trevino v. State*, supra; *Boykin v. State*, 516 S.W.2d 946 (Tex.Cr.App.1974); *Morton v. State*, 502 S.W.2d 121 (Tex.Cr.App.1973). See *McIntosh v. State*, supra; *St. Jules v. State*, 438 S.W.2d 568 (Tex.Cr.App.1969).

■ At the time of the trial court's action here in question on September 15, 1977, appellant's motion for new trial filed on July 26, 1977 had already been overruled by operation of law. The appellant offered no evidence on said motion,[5] but in fact withdrew the motion prior to the court's ruling. There was in fact at the time no motion for new trial by appellant for the court to rule upon.[6] Therefore, the court's action must be characterized as granting a new trial motion of its own accord.

The question then arises whether a trial court in a criminal case has the authority to grant a motion for a new trial on its own motion.

■ It appears to be well settled in this state that in civil cases a trial court is not restricted to the grounds set out in the motion for new trial, but may grant a new trial on its own motion and does not have to give its reasons for granting a new trial. See *Napier v. Napier*, 555 S.W.2d 186 (Tex.Civ.App.1977); 29 Tex. Digest, New Trial, ■ and cases there cited. The general rule in this country is that in civil cases the trial court may grant a new trial on its own motion. See 66 C.J.S. New Trial § 115, p. 328; 58 Am.Jur.2d, New Trial, § 11, p. 196.

The rule does not appear to be as well settled in criminal cases. In a few jurisdictions the trial court has the power to order a new trial on its own motion. See Fla. Rules of Crim.Proc., Rule 3.580. This is particularly true where sufficient cause exists. *Commonwealth of Pa. v. Dennison*, 441 Pa. 334, 272 A.2d 180 (1971); *State v. Hawkins*, 72 Wash.2d 565, 434 P.2d 584 (1967); *Sanders v. State*, 239 Miss. 874, 125 So.2d 923 (1961); *Commonwealth v. Endrukat*, 231 Pa. 529, 80 A. 1049 (1911).[7] Yet in other jurisdictions, apparently because of a risk of double jeopardy,[8] the trial court has no power to order a new trial on its own motion in a criminal case but can act only on a motion made by the defendant. The disability often arises from the terms of

---

by the court within twenty days after the filing of the original or amended motion, but for good cause shown the time for filing or amending may be extended by the court, but shall not delay the filing of the record on appeal.

"A motion for new trial may be filed after the expiration of the term at which said conviction resulted, either during a new term of court or during vacation, and a motion for new trial may be determined in vacation or at a new term of court, and need not be determined during the term at which filed."

5. The motion for a new trial is but a pleading and the allegations therein do not prove themselves, but must be proved. *Polk v. State*, 172 Tex.Cr.R. 211, 355 S.W.2d 712 (1962); *Mackey v. State*, 480 S.W.2d 720 (Tex.Cr.App.1972); *Tsamouris v. State*, 472 S.W.2d 141 (Tex.Cr.App.1971); *Allsup v. State*, 495 S.W.2d 238 (Tex.Cr.App.1973). The burden of proof is on the movant.

6. If the court had permitted the appellant to file an amended motion for new trial and then granted the same the question would not have been presented. Article 40.05, V.A.C.C.P., permits the court to extend the time for filing and amending the motion for new trial by a defendant but does not permit the extension of time by the trial court for determination of the motion.

7. In *People v. Williams*, 65 Mich.App. 531, 237 N.W.2d 545 (1975), it was held that although the state statute authorized the trial court to grant a new trial when it appeared that justice had not been done, the trial court could not use vehicle of a new trial to "correct" a validly imposed sentence once the defendant had begun serving it.

8. See 4 Wharton's Criminal Procedure, § 590, p. 165.

statutes. See, e. g., Federal Rules of Crim. Proc., Rule 33; Colorado Rules of Crim. Proc. 33(a); Vt. Rules of Criminal Proc., Rule 33; Wyo. Rules of Crim.Proc., Rule 34; *People v. Thompson*, 10 Cal.App.3d 129, 88 Cal.Rptr. 753 (1970); *Crymes v. State*, 52 Ga.App. 195, 182 S.E. 856 (1935); *State v. Whitbeck*, 134 La. 812, 64 So. 759 (1914). See also 85 A.L.R.2d 486. In Arizona the rule provides that the "court on motion of the defendant or on its own initiative with the consent of the defendant may order a new trial." Ariz. Rules of Crim.Proc., Rule 24.1(a). This appears to be a compromise approach.[9] See and cf. *State v. Harper*, 353 Mo. 821, 184 S.W.2d 601 (1945).

In *United States v. Green*, 134 U.S.App. D.C. 278, 414 F.2d 1174 (1969), the Court wrote:

"... Since no such motion was made by the defendant the trial judge had no power to order a new trial, and the action taken is a nullity."

The Court noted the Federal Rules of Criminal Procedure, Rule 33, provided that a motion for new trial may be granted "on motion of the defendant," and that the advisory committee had stated that the purpose of the 1966 amendment to Rule 33 was to "make it clear that a judge has no power to order a new trial on his own motion, that he can act only in response to a motion timely made by a defendant." To the same effect is *United States v. Vanterpool*, 377 F.2d 32 (2nd Cir. 1967); *United States v. Tinney*, 340 F.Supp. 1146 (D.C.1972); *United States v. Newman*, 456 F.2d 668 (3rd Cir. 1972); *United States v. Eaton*, 501 F.2d 77 (5th Cir. 1974); *United States v. Braman*, 327 A.2d 530 (D.C.App.1974).

In *Newman*, the court wrote:

"... Since it is, therefore, clear that the defendant in this case could not have amended his motion for a new trial to include a new ground after the seven-day period prescribed in Rule 33 had expired, it would be entirely inconsistent with the purpose of the 1966 amendments

to Rule 33 to allow the district court to grant a new trial motion four and one-half months after this seven-day period has elapsed for reasons advanced *sua sponte* by the court. . . ."

In *Eaton*, the court wrote:

"... We find it unnecessary to entertain Eaton's claim of double jeopardy because we find that Judge Brewster lacked the authority to order a new trial when one had not been requested by the defendant. * * * Both *Green* and *Vanterpool* point out that the trial court's lack of authority to order a new trial *sua sponte* makes a nullity of the second trial and the conviction emanating therefrom. However, as both decisions specifically hold, this determination does not automatically lead to the conclusion that the *original* conviction ought to be overturned or the original indictment dismissed.

"Eaton's second indictment and conviction are void in all respects. This can only mean that Eaton's first conviction remains intact. . . ."

In *Powell v. District Court*, 473 P.2d 254 (Okl.Cr.1970), petitioner pled guilty to criminal charges and was assessed five years' imprisonment in each case to run concurrently as part of a plea bargain. Five other cases were dismissed. Petitioner's attorney withdrew from the case, and petitioner filed a pro se motion for new trial and gave notice of appeal. His motion for new trial was denied. The State then filed its motion to vacate the two judgments and sentences and it was granted over objection. The seven cases were refiled. Petitioner then brought proceedings in the appellate court to prevent the trial court from vacating the judgments and sentences. In *Powell* the Oklahoma Court of Criminal Appeals wrote:

"This Court held in *Glassco v. State*, 53 Okl.Cr. 61, 7 P.2d 172 (1932), that a new trial may be granted in a criminal case only upon motion of the defendant and

---

**9.** In *State v. Hopper*, 112 Ariz. 131, 539 P.2d 888 (1975), it was held that granting a new trial at the time of sentencing upon the court's own motion and without consent of the defendant constituted reversible error.

upon the grounds stated in the statutes; and, that the court has no power to grant a new trial on its own motion, over the objection of the defendant. The Court also held that a new trial is granted on defendant's motion, that defendant waived his constitutional protection against former jeopardy. Nowhere in the statutes is it provided that in a criminal case, in the absence of fraud or other matters that vitiates the verdict, that a new trial can be granted on the application of the state or by the judge on his own motion. The order entered in petitioner's cases, vacating the judgments and sentences, was clearly based upon the state's motion. The effect in this instance was the same as if it had resulted from a plainly stated Motion for New Trial. See: 85 A.L.R.2d 486, 491."

The court held that the order granting the new trial should be set aside, vacated and held for naught and the judgments and sentences in the two cases should be reinstated.

Turning to our statutes, we find that Article 40.02, V.A.C.C.P., provides:

"A new trial can in no case be granted where the verdict or judgment has been rendered for the accused."

Article 40.03, V.A.C.C.P., provides in part:

"New trials, in cases of felony, shall be granted the *defendant* for the following causes, and for no other: . . . ." (Emphasis supplied.)

*Castro v. State*, 118 Tex.Cr.R. 53, 42 S.W.2d 779 (1931), did not involve a motion for new trial. It was a burglary case where the jury recommended a five year suspended sentence. Prior to sentence, the prosecutor learned that the defendant had a prior conviction which rendered him ineligible for the suspended sentence and the State then presented a motion to the court to disregard the verdict as to the recommendation of the jury as to the suspended sentence. Over objection, the court granted the State's motion and entered judgment disregarding the jury's recommendation. On appeal the action of the court was set aside and the judgment reformed to conform to the verdict rendered. In so doing, the opinion stated:

". . . The procedure adopted impresses the writer as obnoxious to the rule that a new trial in a criminal case cannot be granted upon the motion of the state but upon that of the accused alone, and that the court is without power to enter a judgment or to annul a verdict in favor of the accused in a criminal case at the instance of the state. See Article 752, C.C.P., 1925." (Now Article 40.02, V.A.C.C.P.)

The only Texas case which involved a new trial granted by the court on its own motion was *Grisham v. State*, 19 Tex.App. 504 (1885). It did not turn, however, on the authority or lack of authority of the court to grant such motion of its own accord. On appeal from a conviction for assault with intent to murder, the court held that the plea of former conviction should have been submitted to the jury under appropriate instructions. In so holding, the court observed that the defendant had been previously convicted of aggravated assault on an information filed in county court charging him with assault upon the same person at the same time and place as the indictment for assault with intent to murder. The record reflected the defendant was fined $25.00 and was remanded to the custody of the sheriff until the fine and costs were paid. A few days later the county judge on his own motion and without consent of the defendant granted the defendant a new trial. The indictment then followed. The court noted that a conviction followed by an endurance of punishment will bar a future prosecution for the same offense. As earlier noted, the case did not turn on the power of the court to grant a motion for new trial on its own motion per se.

While our statutes are not as clear-cut as those in other jurisdictions, we conclude in light of Articles 40.02 and 40.03, supra, that a motion for new trial in a criminal case may be granted only on the timely made motion of a defendant and the trial court has no authority to grant a new

trial on its own motion. In the instant case we find the trial court had no power to grant the new trial as it did, even though its concern about straightening the matter out without an appeal was commendable. As in *Eaton, Green* and *Vanterpool*, we conclude that the court's lack of authority to order a new trial sua sponte made a nullity of the second trial and conviction, and we find it unnecessary to entertain appellant's claim of double jeopardy. It does not follow that the original conviction ought to be overturned, but the cause shall be returned to the trial court to proceed as if it had not granted the new trial on its own motion.

■ We are not unmindful of the provisions of Article 40.09, § 12, V.A.C.C.P.,[10] as to the authority of the trial court to grant a new trial during the appellate process, but we conclude that such authority is limited by its very provisions of the statute to the time the defendant has been sentenced, gives notice of appeal and files an appellate brief asking in effect for a new trial. The statute does not call for a different result than we have reached.

The judgment of the second conviction is set aside, and the judgment of the original conviction is reinstated, and the trial court is ordered to proceed as if it had not granted a new trial.

---

10. Article 40.09, § 12, V.A.C.C.P., provides:

"It shall be the duty of the trial court to decide from the briefs and oral arguments, if any, whether the defendant should be granted a new trial by the trial court. This duty shall be performed within the period of thirty days immediately after the state's brief is filed, or, if none be filed, then within the period of thirty days immediately after the last day on which the state's brief could be timely filed. Omission of the court to perform this duty within such period shall constitute refusal of the court to grant a new trial to defendant."