Ralph Edward STEVENSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 62861.

Court of Criminal Appeals of Texas,
Panel No. 1.

April 30, 1980.

Rehearing Denied July 9, 1980.

---

Darrell K. McAlexander, court appointed, Houston, for appellant.

Carol S. Vance, Dist. Atty., Douglas M. O'Brien and Linda A. West, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and DOUGLAS and DAVIS, JJ.

## OPINION

W. C. DAVIS, Judge.

This is an appeal from a conviction for burglary of a vehicle. Punishment was assessed at four (4) years confinement and a $1,000 fine.

The record reflects that on June 19, 1978, appellant entered a plea of guilty before the trial court to the offense. On August 7, 1978, he was sentenced to three (3) years confinement. On this date, appellant gave his notice of appeal.

On this same date, the trial court granted appellant a new trial. Thereafter, trial was had before a jury, and on October 5, 1978, the jury, after having found appellant guilty, assessed his punishment at four (4) years confinement.

In his sole ground of error, appellant contends that the trial court had no authority to grant a new trial absent a motion for new trial filed by him. This Court has recently had occasion to address this issue.

1. The defendant's motion for a new trial, which had been filed previously, had already been

In *Zaragosa v. State*, 588 S.W.2d 322 (Tex.Cr.App.1979), we were confronted with a situation where the trial court, having found appellant guilty and one enhancement paragraph true, in effect, granted a new trial in the cause on its own motion.[1] The issue thus presented was whether a trial court in a criminal case had the authority to grant a new trial on its own motion. We held:

"While our statutes are not as clear-cut as those in other jurisdictions, we conclude in light of Articles 40.02 and 40.03 [Vernon's Ann.C.C.P.], that a motion for new trial in a criminal case may be granted only on the timely made motion of a defendant and the trial court has no authority to grant a new trial on its own motion."

However, we added:

"We are not unmindful of the provisions of Article 40.09, § 12, V.A.C.C.P. [footnote omitted], as to the authority of the trial court to grant a new trial during the appellate process, but we conclude that such authority is limited by its very provisions of the statute to the time the defendant has been sentenced, gives notice of appeal and files an appellate brief asking in effect for a new trial."

*Zaragosa v. State*, supra, the defendant had never given notice of appeal. We held that the trial court had no authority to grant the new trial, absent a request by the defendant.

In *Ramirez v. State*, 587 S.W.2d 144 (Tex.Cr.App.1979), the trial court had also granted the defendant, after conviction, a new trial on its own motion. In holding that the trial court had no authority to do so, we stated:

"A trial court may order a new trial under the provisions of Article 40.09, Sec. 12, V.A.C.C.P., but it has no authority under this provision until its quasi-appellate jurisdiction has been invoked by the filing of a notice of appeal. See Art. 44.08, V.A.C.C.P. . . . Taking an appeal is also solely within the power of

overruled by operation of law. See Article 40.-05, Vernon's Ann.C.C.P.

the defendant. The court was without authority to grant a new trial in this case since appellant had never filed a motion for new trial nor given notice of appeal."

 Thus, it is clear that the trial court may not grant a new trial on its own motion. However, in the instant case, unlike *Zaragosa* or *Ramirez*, the appellant *did* timely file a notice of appeal. Thus, the issue presented is whether a defendant's filing notice of appeal after sentence invokes the trial court's "quasi-appellate jurisdiction" at that moment and thus confers upon the trial court the authority to grant a new trial at that time.

We conclude that at the point when appellant gave his notice of appeal, the jurisdiction of the trial court in its role in the appellate process was invoked, and that thereafter, the trial court had the *jurisdiction* to grant a new trial. In *Reed v. State*, 516 S.W.2d 680 (Tex.Cr.App.1975), the defendant, on the date of his conviction, executed a waiver of a right to appeal. However, within ten days, he executed a pro se notice of appeal, which the trial court and the parties treated as a motion for a new trial. At a subsequent hearing, the trial court granted the defendant a new trial. We stated:

"*Notice of appeal having been permitted and having been timely filed, the appellate process was invoked. This invoked the jurisdiction of the trial court in its role in the appellate process.* Art. 40.09, V.A.C.C.P. *Perkins v. State*, Tex.Cr. App., 505 S.W.2d 563. *That role includes the power to grant a new trial. Although it appears from the scant record before us that the granting of the new trial was premature* (see Art. 40.09, Sec. 12), *the trial court had jurisdiction to grant same.* The action of the trial court in *granting* a new trial should not be subject to review by this Court except where it is contended that the trial court was without jurisdiction . . ." (Emphasis added).

 Thus, we conclude that although the trial court's action in granting a new trial in the instant case may have been premature, see Art. 40.09, Sec. 12, supra, when appellant filed his notice of appeal, this invoked the trial court's appellate jurisdiction, and the trial court thus had the *authority* to grant the new trial. Cf. *Zaragosa v. State*, supra; *Ramirez v. State*, supra. Thus, the trial court was not acting upon its own motion when it granted the new trial, but rather was acting in that capacity conferred upon it when the appellant gave his notice of appeal. Since we will not review a decision by the trial court to grant a new trial except to determine whether the court had the jurisdiction to do so, *Reed v. State*, supra, and since we have determined that the trial court did have such jurisdiction, this ground of error is overruled.

The judgment is affirmed.