**Clara R. RICHARDS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 3–85–301–CR.**

Court of Appeals of Texas, Austin.

Oct. 1, 1986.

Marvin Farek, Rockdale, for appellant.

Charles E. Lance, Dist. and Co. Atty., Cameron, for appellee.

Before SHANNON, C.J., and BRADY and CARROLL, JJ.

PER CURIAM.

The trial court found appellant guilty of aggravated assault and assessed punishment at imprisonment for five years. Tex. Pen.Code Ann. § 22.02 (Supp.1986). Because of the unusual procedural history of this case, we are compelled to reverse the judgment of conviction and remand the cause to the trial court.

The first trial of this cause took place on September 24, 1985. At the conclusion of that trial, the trial court found appellant guilty and assessed punishment at imprisonment for five years. Appellant then gave oral notice of appeal.

The following day, the trial court entered an order setting aside the judgment of conviction and granting appellant a new trial. This order recites, in pertinent part:

> After the above sentence was rendered in this Cause, this Court discovered the said Defendant, Clara R. Richards, had not signed a written Waiver of trial by jury as required in Article 1.13 of the Code of Criminal Procedure. On September 25, 1985, this Court summoned said Defendant and the prosecuting attorney before it and, after explaining the error to Defendant, set aside the judgment and sentence in this matter and granted a new trial.

The second trial of this cause, which resulted in the judgment of conviction presently before this Court, was held on October 17, 1985. Prior to trial, appellant moved to dismiss the indictment on the ground that to retry appellant would violate her guarantee against double jeopardy. The motion was overruled. In her first point of error, appellant reurges her jeopardy argument but, more importantly, urges that it was improper for the trial court to order a second trial on its own motion.

In *Zaragosa v. State,* 588 S.W.2d 322 (Tex.Cr.App.1979), the court, after a thorough discussion, concluded that a motion for new trial in a criminal case may be granted only on the timely motion of the defendant, and the trial court has no authority to grant a new trial on its own motion.[1] *See also Ramirez v. State,* 587 S.W.2d 144 (Tex.Cr.App.1979). However, prior to September 1, 1981, if a defendant invoked the trial court's limited appellate jurisdiction under Tex.Code Cr.P. art. 40.-09(12)[2] by giving notice of appeal, the trial court was then authorized to grant a new trial even though no motion therefor had been filed by the defendant. *Stevenson v. State,* 600 S.W.2d 307 (Tex.Cr.App.1980); *Reed v. State,* 516 S.W.2d 680 (Tex.Cr.App. 1974).

On September 1, 1981, art. 40.09 was substantially amended. 1981 Tex.Gen. Laws, ch. 291, § 108, at 804. One of the amendments made at this time was to abolish the trial court's limited appellate jurisdiction. *See* Tex.Code Cr.P.Ann. art. 40.09 (Supp.1986).[3] In light of the repeal of former art. 40.09(12), we are forced to conclude that the trial court was not authorized to order a new trial in this cause even though notice of appeal had been given before the order was entered.

The following language in *Zaragosa* is fully applicable to the case before us:

> [W]e find the trial court had no power to grant the new trial as it did, even though its concern about straightening the matter out without an appeal was commendable.... [W]e conclude that the court's lack of authority to order a new trial sua sponte made a nullity of the second trial and conviction, and we find it unnecessary to entertain appellant's claim of double jeopardy. It does not follow that

---

1. This conclusion was based in large part on the language of Tex.Code Cr.P.Ann. arts. 40.02 and 40.03 (1979). These statutes were repealed September 1, 1986, but the relevant language was carried forward into Tex.R.App.P. 30 (West 1986).

2. *See* 1967 Tex.Gen.Laws, ch. 659, § 27, at 1743 [Tex.Code Cr.P.Ann. art. 40.09(12) (1979)].

3. Article 40.09 was also repealed September 1, 1986, and replaced by Tex.R.App.P. 50–55 (West 1986).

the original conviction ought to be overturned, but the cause shall be returned to the trial court to proceed as if it had not granted the new trial on its own motion.

588 S.W.2d at 327. Following the precedent established by the Court of Criminal Appeals in *Zaragosa*, we reverse the judgment of conviction entered following the second trial, order the original conviction reinstated, and remand the cause to the trial court to proceed as if it had not granted a new trial.