IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-91-012-CR




EDWARD TORRES,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE COUNTY COURT AT LAW OF COMAL COUNTY, 


NO. 90-CR-615, HONORABLE FRED CLARK, JUDGE


 




PER CURIAM

 Edward Torres seeks to appeal an order of the trial court
granting the State a new trial. A motion to dismiss the appeal has
been filed by the State. The State has also filed a "motion to
reverse and remand" confessing error below.

 This cause has a singular history. On July 9, 1990, an
information was filed accusing Edward Torres of evading arrest. 
Tex. Pen. Code Ann. § 38.04 (Supp. 1991). The cause was called for
trial on September 5, the Honorable Ronald J. Prichard, presiding. 
Although Torres entered a plea of guilty to this misdemeanor
offense, the judge, after a brief conversation with Torres,
dismissed the cause on his own motion due to insufficient evidence. 
A written order of dismissal was signed September 11.

 On September 13, the State filed a "motion to reconsider"
the dismissal order. The State also filed a notice of appeal to
this Court, Tex. Code Cr. P. Ann. art. 44.01 (Supp. 1991), but this
appeal was not pursued. On September 26, Judge Prichard rendered
an order granting the State a new trial.

 On October 9, Torres filed a "motion to set aside order
for a new trial." A hearing on the motion, now before Judge Fred
Clark, was held on October 30. The judge concluded that the court
had erred in ordering the cause dismissed, but that the court had
plenary power for thirty days to set aside the order. Therefore,
Torres's "motion to set aside order for new trial" was overruled. 
Meanwhile, on October 25, Torres filed his notice of appeal from
the order granting the State a new trial. 

 A new trial may be granted in a criminal case only on the
timely motion of the defendant. Zaragosa v. State, 588 S.W.2d 322
(Tex. Cr. App. 1979); Richards v. State, 718 S.W.2d 831 (Tex. App.
1986, no pet.). Moreover, when a trial court empowered with
jurisdiction over a criminal case dismisses the indictment or
information, the person accused thereunder is, in law, discharged
from the accusation against him; accordingly, no jurisdiction
remains in the trial court. Garcia v. Dial, 596 S.W.2d 524 (Tex.
Cr. App. 1980). This is true even where the order of dismissal is
based on an erroneous interpretation of law. Id. (1) Texas R. Civ.
P. Ann. 329b(d) (Supp. 1991), granting trial courts plenary power
to grant a new trial within thirty days after judgment, is
inapplicable in criminal cases. State ex rel. Cobb v. Godfrey, 739
S.W.2d 47 (Tex. Cr. App. 1987). Therefore, we conclude that the
trial court was without authority to grant the State's "motion to
reconsider" the dismissal order.

 Torres has no right to appeal from the trial court's
interlocutory order reinstating the cause against him. Garcia v.
Dial, supra. Accordingly, the State's motion to dismiss appeal is
granted. The State's motion to reverse and remand is dismissed
but, in light of its confession of error, this Court is confident
that the State will move to dismiss this cause in the county court. 
Should the State seek to pursue this prosecution, Torres is
entitled to a writ of mandamus directing the judge of the trial
court to set aside the order granting a new trial rendered
September 26, 1990, and to dismiss Comal County cause number
90-CR-615. Id.

 The appeal is dismissed.



[Before Chief Justice Carroll, Justices Jones and B. A. Smith]

Dismissed

Filed:  June 26, 1991

[Do Not Publish]
1. Garcia was decided before the State was given the right to
appeal from orders of dismissal. Art. 44.01, supra. However, the
basic principle remains sound. The trial court's jurisdiction may
be restored if, on appeal, the dismissal order is overruled.

 As to the validity of the sua sponte order dismissing the
cause, see State v. Morales, 804 S.W.2d 331 (Tex. App. 1991, no
pet.); State v. Shelton, 802 S.W.2d 80 (Tex. App. 1990, pet.
granted); State v. Gray, 801 S.W.2d 10 (Tex. App. 1990, no pet.). 
See also Brown v. State, 507 S.W.2d 235, 238 (Tex. Cr. App. 1974).