

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-93,777-01

**EX PARTE JOSE MANUEL GOMEZ, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. B09100-1 IN THE 198TH DISTRICT COURT
### FROM KERR COUNTY

*Per curiam*.

## O R D E R

Applicant originally pleaded guilty to assault on a public servant in exchange for a six-month state jail sentence. Approximately 25 days after Applicant had begun serving his sentence, the State notified Applicant that the offense had been improperly charged as a state jail felony, when in fact it was a third degree felony. Therefore, Applicant's six-month state jail felony sentence was below the minimum punishment for the offense. Applicant apparently agreed to a new trial, and entered a new plea in exchange for two years' imprisonment, probated for two years. After having been extended for an unspecified period of time, Applicant's community supervision was eventually revoked and he was sentenced to two years' imprisonment. Applicant did not appeal his conviction. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the

district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that the trial court lacked authority to grant a new trial either on the State's motion or on its own motion, and that Applicant's conviction and sentence after he "re-pleaded" is therefore void *ab initio*. Applicant discharged his sentence in this case in 2014, but alleges that he is suffering collateral consequences from this specific conviction from which he would not be suffering as a result of any of his other convictions.

Applicant has alleged facts that, if true, might entitle him to relief. *Zaragosa v. State*, 588 S.W.2d 322, 327 (Tex.Crim.App. 1979). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall first ensure that the record is supplemented with all documents relevant to the proceedings in this case, including the notification sent by the State to Applicant's counsel regarding the erroneous punishment, any written motion for new trial, transcripts of the plea proceedings and any oral motions for new trial that were made, all documents relevant to the modification or extension of Applicant's community supervision, and all documents relevant to the revocation of his community supervision.

Applicant re-pleaded to this charge in 2009. His community supervision was revoked in 2012, and he discharged his sentence in this case in 2014. Applicant did not challenge the conviction

or sentence until filing this application in 2022. Although there is no explanation in the record for Applicant's delay in seeking relief, the State does not argue that it has been prejudiced by Applicant's delay. Nevertheless, this Court has held that a trial court may *sua sponte* consider whether the doctrine of laches should bar relief. *See Ex parte Smith*, 444 S.W.3d 661 (Tex. Crim. App. 2014). The trial court may consider and determine whether Applicant's claims should be barred by laches. If the trial court does so, it must give Applicant the opportunity to explain the reasons for the delay and give the State's prosecutors an opportunity to state whether Applicant's delay has caused any prejudice to their ability to defend against Applicant's claims.

The trial court shall also make findings of fact and conclusions of law as to whether the granting of a new trial after Applicant had begun serving his sentence was in response to a motion filed or orally urged by Applicant, on the motion of the State or on the trial court's own motion. If Applicant did not request a new trial, the trial court shall make findings of fact and conclusions of law as to what authority it relied upon to grant a new trial, and as to whether Applicant's resulting sentence was void *ab initio* as argued by Applicant. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: July 27, 2022
Do not publish