**Lucious Edward HARRIS, Jr., Appellant,**

v.

**The STATE of Texas, State.**

No. 2–96–596–CR.

Court of Appeals of Texas, Fort Worth.

Dec. 23, 1997.

John H. Hagler, Dallas, for Appellant.

Tim Curry, Criminal Dist. Atty., Charles M. Mallin, Assistant Dist. Atty. and Chief of the Appellate Section, Debra Ann Windsor, Kevin Rousseau, Kyle Whitaker, Assistant Dist. Attys., Fort Worth, for Appellee.

Before CAYCE, C.J., and DAUPHINOT and BRIGHAM, JJ.

## MEMORANDUM OPINION[1]

CAYCE, Chief Justice.

Lucious Edward Harris, Jr. pleaded guilty to sexual assault and was sentenced to ten years' confinement in the Institutional Division of the Texas Department of Criminal Justice. In his sole point, Harris contends his conviction must be reversed because the trial court granted a motion for new trial that restored the case to a position prior to the

initial plea. In two cross-points, the State contends that the trial court's order was void because the trial court improperly granted a new trial sua sponte and limited the new trial to punishment only. We vacate the order of the trial court and remand for proceedings in compliance with this opinion.

A motion for new trial in a criminal case may only be granted upon timely motion of the defendant. See TEX.R.APP. P. 30(a), 49 Tex. B.J. 564 (Tex.Crim.App.1986, amended 1997)[2]; Hern v. State, 892 S.W.2d 894, 896 (Tex.Crim.App.1994), cert. denied, 515 U.S. 1105, 115 S.Ct. 2252, 132 L.Ed.2d 259 (1995); Zaragosa v. State, 588 S.W.2d 322, 326–27 (Tex.Crim.App. [Panel Op.] 1979); Freeman v. State, 917 S.W.2d 512, 514 (Tex.App.—Fort Worth 1996, no pet.). Any proceeding that occurs after an improperly granted motion for new trial is a nullity. See Zaragosa, 588 S.W.2d at 327. When a trial court improperly grants a motion for new trial sua sponte the cause shall be returned to the trial court to proceed as if it had not granted the new trial. See id.

On July 22, 1996, Harris pleaded guilty to the court. Punishment proceedings began but were recessed so that a presentence investigation report could be completed. On September 3, 1996, the court sentenced Harris to ten years in the Institutional Division of the Texas Department of Criminal Justice and signed the judgment on September 6, 1996 (the "first judgment").

On September 5, 1996, the court granted a motion for new trial "on its own motion" and the punishment proceedings continued. A second final judgment was also signed on September 6, 1996 (the "second judgment").

The record reflects that the only motion for new trial filed by Harris was filed on October 3, 1996. There is no order in the record either granting or denying Harris's motion, thus his motion was overruled by operation of law on December 17, 1996. See TEX.R.APP. P. 31(e)(1), 49 Tex. B.J. 564–65 (Tex.Crim.App.1986, amended 1997) ("The

---

1. See TEX.R.APP. P. 47.1.

2. The provisions of TEX.R.APP. P. 30(a) are carried forward in amended TEX.R.APP. P. 21.1.

court shall determine a motion for new trial within 75 days after date sentence is imposed or suspended in open court."); TEX.R.APP. P. 31(e)(3) (amended 1997) ("A motion not timely determined by written order signed by the judge shall be considered overruled by operation of law upon expiration of the period of time prescribed in section (e)(1) of this rule.").[3] We find, therefore, that the trial court improperly granted a motion for new trial sua sponte.

Consequently, we set aside the trial court's second judgment, reinstate Harris's original conviction and ten-year sentence as reflected in the first judgment, and order the trial court to proceed as if it had not granted the motion for new trial. *See Zaragosa*, 588 S.W.2d at 327. Harris's sole point is overruled and the State's first cross-point is sustained. We need not address the State's second cross-point.

---

**3.** The provisions of TEX.R.APP. P. 31(e)(1) and (3) are carried forward in amended TEX.R.APP. P. 21.8(a) and (c), respectively.