

# NUMBER 13-06-428-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

THE STATE OF TEXAS,                                                  Appellant,

v.

ABRAHAM CHAVEZ GUERRERO,                                    Appellee.

### On appeal from the 117th District Court
### of Nueces County, Texas

# CONCURRING OPINION

### Before Justices Yañez, Rodriguez, and Vela
### Concurring Opinion by Justice Vela

I concur with the majority's finding that the State has no right to appeal and with their

decision to dismiss the appeal for want of jurisdiction. I write separately to address the

reasoning that I believe supports the result.

Article 44.01(a) of the Texas Code of Criminal Procedure provides, in relevant part:

(a) The state is entitled to appeal an order of a court in a criminal case if the order:

(1) dismisses an indictment, information or complaint or any portion of an indictment, information or complaint;

(2) arrests or modifies a judgment;

(3) grants a new trial;

(4) sustains a claim of former jeopardy; or

(5) grants a motion to suppress evidence, a confession, or an admission, if jeopardy has not attached in the case and if the prosecuting attorney certifies to the trial court that the appeal is not taken for the purpose of delay and that the evidence, confession, or admission is of substantial importance in the case;

* * * *

TEX. CODE CRIM. PROC. ANN. art. 44.01(a) (Vernon Supp. 2008). The State may also appeal a sentence on the ground that it is illegal and may appeal a ruling on a question of law if the defendant is convicted and appeals the judgment. *See id*. at art. 44.01(b), (c).

However, the State's right to appeal does not exist when double jeopardy prohibits further prosecution following acquittal. *State v. Moreno*, 807 S.W.2d 327, 332 n.6 (Tex. Crim. App. 1991). Accordingly, if the order that the trial court enters in a case constitutes an acquittal, even if it is erroneous, then the State may not appeal it. *State v. Stanley*, 201 S.W.3d 754, 759 (Tex. Crim. App. 2006). Thus, in order to decide whether this case is properly before this Court, we must determine whether further prosecution of Guerrero is barred regardless of any irregularity in the proceedings below.

Both the United States and Texas Constitutions provide that no person may be twice put in jeopardy for the same offense. U.S. CONST. amends. V, XIV; TEX. CONST. art. I, § 10. Our state constitution further provides that no person may be put to trial for the same

2

offense after a verdict of not guilty in a court of competent jurisdiction. TEX. CONST. art. I, § 10. Finally, the code of criminal procedure provides that an acquittal of the defendant prohibits a second trial for the same offense, however irregular the proceedings may have been. TEX. CODE CRIM. PROC. ANN. art. 1.11 (Vernon 2005).

Before a defendant can be placed in double jeopardy, he or she must have been put in jeopardy before, that is, jeopardy must have attached at an earlier proceeding. In Texas, "jeopardy attaches [at a bench trial] when both sides have announced ready and the defendant has pled to the charging instrument." *State v. Torres*, 805 S.W.2d 418, 421 (Tex. Crim. App. 1991).

Here, both sides were ready to try the case to the bench, and Guerrero pleaded not guilty to the three offenses. Accordingly, jeopardy attached at the proceeding below in the cause now before this Court. Thus, the question becomes whether Guerrero was acquitted or found not guilty within the meaning of article 1.11 of the Texas Code of Criminal Procedure and the second clause of article I, section 10 of the Texas Constitution.

An acquittal means a finding of fact that the accused is not guilty of the criminal offense with which he or she is charged "made in the context of an adversary proceeding, by an individual or group of individuals with the legal authority to decide the question of guilt or innocence." *Ex parte George*, 913 S.W.2d 523, 527 (Tex. Crim. App. 1995). Here, the record shows the trial court, after hearing the evidence, found Guerrero guilty of the three offenses. Shortly after sentencing him, the trial court, *sua sponte*, reconsidered its ruling and found him "not guilty" of the three offenses.[1] Therefore, because the trial court,

---

[1]After sentencing Guerrero, the trial court told him:

[A]fter you [Mr. Guerrero] left the courtroom it didn't sit well with me. So, I am going to reverse my ruling. And I am going to find you not guilty on Counts One, Two, and Three. I find that I have a reasonable doubt . . . . I don't think there's sufficient evidence to overcome

3

in the context of an adversary proceeding, found Guerrero not guilty of the offenses with which he was charged, he was put in jeopardy for the charged offenses. *See* TEX. CONST. art. I, § 10; TEX. CODE CRIM. PROC. ANN. art. 1.11 (Vernon 2005).

The State asserts this Court has jurisdiction over this case pursuant to article 44.01(a)(2) of the Texas Code of Criminal Procedure. *Id*. art. 44.01(a)(2). In *Gutierrez*, the court of criminal appeals concluded that "[a]rticle 44.01(a)(2) provides that the State may appeal a trial court's order if the 'order modifies a judgment.' We decide that this provision clearly allows the State to appeal from such an order that reduces a defendant's sentence, and that is signed after the trial court's plenary jurisdiction has expired."[2] *State v. Gutierrez*, 129 S.W.3d 113, 114 (Tex. Crim. App. 2004).

However, the present case does not involve an order modifying a judgment nor does it involve a reduction of Guerrero's sentence. Rather, the trial court entered a judgment of acquittal. A judgment of acquittal is not a ground upon which the State may appeal. *See* TEX. CODE CRIM. PROC. ANN. art. 44.01(a) (Vernon Supp. 2008); *State v. Taylor* 886 S.W.2d 262, 265-66 (Tex. Crim. App. 1994) (stating that article 44.01(a)(1) does not embrace either an order of "acquittal" or an order dismissing a "prosecution" based upon insufficient evidence); *Moreno*, 807 S.W.2d at 332 n.6 (stating that it is well settled that a verdict of acquittal cannot be reviewed regardless of how egregiously wrong the verdict may be); *see also Stanley*, 201 S.W.3d at 759 (if trial court's order constituted an acquittal, even if erroneously, then State may not appeal it).

---

the doubt that I have . . . . So, that is my ruling. It is not guilty on Counts One, Two, and Three, Mr. Guerrero.

[2]The trial court's plenary jurisdiction to modify its sentence expires thirty days after sentencing unless a defendant files a motion for new trial or motion in arrest of judgment within that thirty-day period. TEX. R. APP. P. 21.4, 22.3; *State v. Aguilera*, 165 S.W.3d 695, 697-98 (Tex. Crim. App. 2005).

In the alternative, the State argues that by setting aside its finding of guilt, the trial court granted a new trial *sua sponte*. I disagree. The court of criminal appeals held in *Zaragosa* that a trial court does not have the authority to grant a new trial unless the defendant requests one. *Zaragosa v. State*, 588 S.W.2d 322, 326-27 (Tex. Crim. App. 1979). While those portions of the code of criminal procedure that were discussed in Zaragosa have been replaced by the Texas Rules of Appellate Procedure, the rule appears to be the same. *See State v. Aguilera*, 165 S.W.3d 695, 698 n.9 (Tex. Crim. App. 2005) ("[A] trial court does not have authority to grant a new trial on its own motion; there must be a timely motion for such by the defendant."); *Harris v. State*, 958 S.W.2d 292, 293 (Tex. App.–Fort Worth 1997, pet. ref'd) ("A motion for new trial in a criminal case may only be granted upon timely motion of the defendant."). In this case, because Guerrero did not request a new trial, the trial court could not have granted a new trial on its own motion. *See id.*

With these comments, I concur in the result.


ROSE VELA
Justice


Do not publish.
TEX. R. APP. P. 47.2(b).

Concurring Opinion delivered and
filed this 25th day of August, 2008.