

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-12-00184-CR

NOE RANGEL NIAVEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 251st District Court
Randall County, Texas
Trial Court No. 18,265-C, Honorable Ana Estevez, Presiding

May 20, 2013

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant Noe Rangel Niavez appeals the trial court's revocation of his community supervision and its judgment sentencing him to eight years confinement in prison for felony driving while intoxicated.[1] We will reverse and render in part and remand with instructions.

---

[1] *See* Tex. Penal Code Ann. §§ 49.04(a) & 49.09(b)(2) (West Supp. 2012).

Background

In September 2006, a Randall County grand jury indicted appellant for the offense of driving while intoxicated, third offense, a felony. On October 23, 2008, the trial court called appellant's case for trial and appellant entered a guilty plea pursuant to a plea bargain agreement. Appellant signed a stipulation of evidence and the court found him guilty. By the plea agreement, the State recommended a sentence of four years confinement in prison and a fine of $1500. The trial court accepted the State's recommendation and sentenced appellant accordingly. The record does not contain a corresponding written judgment.

Later that day, on the record in open court, the State made an oral motion for new trial. It was granted without objection. Appellant waived reading the indictment. As it did in the first trial, the court received appellant's plea of guilty to the charged offense, gave admonishments, and addressed the consequence of appellant's stipulation of the evidence and judicial confession. The court then examined a new plea bargain agreement between appellant and the State requiring, among other things, a guilty plea to the charged offense, a sentence of ten years confinement in prison probated for four years, a fine of $1,500, confinement in a SAFPF[2] program, and incarceration until space in a SAFPF became available. After further admonishing appellant and learning he desired to accept the new agreement, the court accepted the agreement, finding appellant guilty of the charged offense. Finding no reason not to proceed with punishment, the court then sentenced appellant according to the terms of

---

[2] SAFPF is a substance abuse felony punishment facility within the Texas Department of Criminal Justice. *Rouse v. State,* 300 S.W.3d 754, 758 n.6 (Tex.Crim.App. 2009).

the new plea bargain. The record contains a conforming written judgment signed by the trial court. No appeal was taken.

Subsequently the State moved to revoke appellant's community supervision. It alleged appellant failed to comply with five conditions of the community supervision order. Among the violations alleged was failure to attend and successfully complete an outpatient treatment program.

At the May 2012 hearing on the State's motion, appellant plead "guilty" to each of the violations of community supervision alleged. After hearing evidence, the trial court sentenced appellant to eight years confinement in prison and a fine of $1,500.[3]

## Analysis

Through a single issue on appeal appellant argues the trial court had no power to grant the State's motion for new trial and all resulting proceedings, including the eight-year sentence imposed as a result of his violation of community supervision, are a nullity. He asks that we reverse the judgment imposing the eight-year sentence of confinement "and render a judgment for the original sentence of four . . . years, placing appellant in the same position he was immediately after the original plea." On May 15, 2013, the State filed a response confessing error. The State found "Appellant's point of error is well taken at established law and should be sustained."

---

[3] Additional background information may be found in our order of February 21, 2013 abating and remanding the case for appointment of new appellate counsel. *Niavez v. State,* No. 07-12-00184-CR, 2013 Tex. App. Lexis 1770 (Tex.App.--Amarillo Feb. 21, 2013, per curiam order) (mem. op., not designated for publication).

As a preliminary step, what appellant asks requires that we look back to his 2008 conviction and sentence rendered in the course of the new trial granted on the State's motion. Ordinarily, the validity of the original conviction, from which no appeal was taken, is not reviewable in the appeal of a subsequent revocation order. *Whetstone v. State,* 786 S.W.2d 361, 363 (Tex.Crim.App. 1990), *overruled on other grounds by Gollihar v. State,* 46 S.W.3d 243, 249-50, 256-57 (Tex.Crim.App. 2001). An exception does lie, however, for a void judgment.

> The void judgment exception recognizes that there are some rare situations in which a trial court's judgment is accorded no respect due to a complete lack of power to render the judgment in question. A void judgment is a "nullity" and can be attacked at any time. If the original judgment imposing probation was void, then the trial court would have no authority to revoke probations, since, with no judgment imposing probation (because it is a nullity), there is nothing to revoke.

*Nix v. State,* 65 S.W.3d 664, 667-668 (Tex.Crim.App. 2001) (footnote omitted).

> But a judgment is void only in very rare situations—usually due to a lack of jurisdiction. In civil cases, a judgment is void only when there was "no jurisdiction of the parties or property, no jurisdiction of the subject matter, no jurisdiction to enter a particular judgment, or no capacity to act as a court." This rule is essentially paralleled in criminal cases. A judgment of conviction for a crime is void when (1) the document purporting to be a charging instrument (i.e. indictment, information, or complaint) does not satisfy the constitutional requisites of a charging instrument, thus the trial court has no jurisdiction over the defendant, (2) the trial court lacks subject matter jurisdiction over the offense charged, such as when a misdemeanor involving official misconduct is tried in a county court at law, (3) the record reflects that there is no evidence to support the conviction, or (4) an indigent defendant is required to face criminal trial proceedings without appointed counsel, when such has not been waived, in violation of *Gideon v. Wainwright.* While we hesitate to call this an exclusive list, it is very nearly so.

*Id.* at 668. If the trial court had no jurisdiction to proceed to judgment after granting the State's motion for new trial, the resulting judgment is void and may be challenged in this appeal.

A new trial means "the rehearing of a criminal action after the trial court has, on the defendant's motion, set aside a finding or verdict of guilt." Tex. R. App. P. 21.1(a). The procedural provisions governing motions for new trial in a criminal case require strict compliance. *Oldham v. State,* 977 S.W.2d 354, 361 (Tex.Crim.App. 1998); *see Drew v. State,* 743 S.W.2d 207, 223 (Tex.Crim.App. 1987). A trial court has no authority to grant a new trial in a criminal case on its own motion or the motion of the State. *Stone v. State,* 931 S.W.2d 394, 396 (Tex.App.--Waco 1996, pet. refused) (court may not grant new trial in criminal case on its own motion or on the motion of the State; procedural provisions governing motion for new trial in a criminal trial must be complied with for court to have jurisdiction to consider motion); 43A George B. Dix & John M. Schmolesky, Texas Practice Series: Criminal Practice and Procedure § 50.3 (3d ed. 2011) (no authority to grant new trial on court's own motion or the motion of the State). All proceedings following an improperly granted motion for new trial are a nullity. *Zaragosa v. State,* 588 S.W.2d 322, 326-27 (Tex.Crim.App. 1979) (new trial in a criminal case may be granted only on motion of defendant; court's lack of authority to order new trial sua sponte made a nullity of the second trial and conviction, under former Code of Criminal Procedure Articles 40.02 & 40.03); *Harris v. State,* 958 S.W.2d 292, 293 (Tex.App.--Fort Worth 1997, pet. refused) (following *Zaragosa*); *see also Freeman v. State,* 917 S.W.2d 512, 514 (Tex.App.--Fort Worth 1996, no pet.) (motion of State treated as motion for new trial, hearing on State's motion was a nullity). Based on these authorities, we conclude the trial court had no power to render judgment following the grant of the State's motion for new trial.[4] Therefore, under the void judgment

---

[4] Because the appellate record contains a complete reporter's record of the

5

exception, we may address appellant's issue. *Nix,* 65 S.W.3d at 668. And, because the 2008 judgment imposing probation was void, the trial court had no authority in May 2012 to revoke appellant's community supervision and impose a sentence of confinement and a fine. Appellant's issue is sustained.

## Conclusion

We reverse and render judgment vacating the trial court's judgment and sentence of October 23, 2008, sentencing appellant to ten years confinement and fining him $1,500 probated to four years community supervision and a fine of $1,500. We likewise reverse and render judgment vacating the trial court's judgment and sentence of May 1, 2012, revoking appellant's community supervision and sentencing him to eight years confinement and fining him $1,500. We remand the case to the trial court with instructions to reinstate the original judgment of October 23, 2008, sentencing appellant to four years confinement and fining him $1,500. The trial court on remand shall also prepare and sign a conforming written judgment and complete any ministerial or administrative acts necessary to carry appellant's punishment into execution as though the State's motion for new trial had not been granted. Tex. Code Crim. Proc. Ann. art. 42.01, § 1 (West Supp. 2012) (judgment) & art. 42.02 (West 2006) (sentence).

---

October 23, 2008 proceedings, before and after the State's motion for new trial, the record before us leaves "no question about the existence" of the defect in the proceedings resulting in the void judgment. *See Nix,* 65 S.W.3d at 668.

6

We dispense with the clerk's notice requirement of appellate rule 39.8.  Tex. R. App. P. 39.8 and 2.  Our mandate will issue forthwith.


                                        James T. Campbell
                                             Justice


Do not publish.