**Vacate and Remand in part; Affirm in part and Opinion Filed June 23, 2022**



**In the**

**Court of Appeals**

**Fifth District of Texas at Dallas**

No. 05-21-00353-CR
No. 05-21-00354-CR
No. 05-21-00355-CR

**ARIK NYLES MAXEY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 194th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F17-75257-M, F17-52204-M, & F17-75276-M**

## MEMORANDUM OPINION

Before Justices Myers, Carlyle, and Goldstein
Opinion by Justice Carlyle

A grand jury returned three aggravated robbery indictments against Arik

Nyles Maxey. During plea negotiations, the charge in one of those cases, trial court

cause no. F17-75257-M, was reduced to robbery.[1] On July 10, 2017, pursuant to a

negotiated guilty plea in that case, the trial court adjudicated Mr. Maxey guilty of

robbery and sentenced him to ten years' imprisonment for that offense with the

---

[1] In this consolidated appeal, appellate cause no. 05-21-00353-CR is the appeal of trial court cause no. F17-75257-M, appellate cause no. 05-21-00354-CR is the appeal of trial court cause no. F17-52204-M, and appellate cause no. 05-21-00355-CR is the appeal of trial court cause no. F17-75276-M.

possibility of shock probation. *See generally* TEX. CODE CRIM. PROC. art. 42A.202 (providing for shock probation).

On December 4, 2017, with the other two cases still pending, the trial court held a hearing on Mr. Maxey's shock probation request. During the hearing, the trial court granted the request and signed an order suspending his sentence in cause no. F17-75257-M and placing him on ten years' community supervision in that case. Then, following a brief recess, Mr. Maxey filed a motion for new trial in that case, which the State consented to. After the trial court granted the motion for new trial, the robbery charge in cause no. F17-75257-M was changed back to aggravated robbery and Mr. Maxey entered negotiated guilty pleas in all three cases. Pursuant to the parties' plea agreements, the trial court placed Mr. Maxey on ten years' deferred adjudication community supervision in all three cases.

In early 2021, the State moved to revoke probation and adjudicate guilt in those three cases. At the April 29, 2021 revocation hearing, the trial court (1) orally stated it found Mr. Maxey guilty of robbery in cause no. F17-75257-M and aggravated robbery in the other two cases and (2) assessed punishment at twenty years' imprisonment in each case, to run concurrently. Later that same day, the trial court signed judgments in all three cases showing convictions for aggravated robbery.

Mr. Maxey contends (1) the trial court abused its discretion at the revocation hearing by allowing objected-to testimony regarding extraneous offenses and bad

acts; (2) the trial court's "misunderstanding of the offense and the punishment range" in cause no. F17-75257-M "violated Appellant's right to due process"; and (3) the April 29, 2021 written judgment in cause no. F17-75257-M should be reformed to reflect that Mr. Maxey was convicted of robbery.

We affirm the trial court's April 29, 2021 judgments in cause nos. F17-52204-M and F17-75276-M. In cause no. F17-75257-M, we vacate the trial court's December 4, 2017 and April 29, 2021 judgments, reinstate the trial court's July 10, 2017 judgment and December 4, 2017 shock probation order, and remand that case to the trial court for proceedings consistent with this opinion.

**Revocation hearing testimony**

The State's 2021 motion to revoke probation and adjudicate guilt alleged, among other things, that Mr. Maxey violated probation condition (A), which required him to "not possess a firearm during the term of Supervision." Mr. Maxey pleaded true to that allegation and several others.

At the revocation hearing, Kenya Johnson testified she and Mr. Maxey began dating in August 2020 and broke up a few months later. Though they "never got back together," they began "hanging out again" in January 2021. On the night of February 10, 2021, she went to a motel to "hav[e] a threesome" with Mr. Maxey and another woman. When the woman who was supposed to meet them did not show up, Mr. Maxey called someone else, which Ms. Johnson was not "okay with."

The prosecutor asked Ms. Johnson, "And so how did you begin to act when the other person showed up?" Defense counsel stated, "Your Honor, at this time I am going to object based on relevance." The prosecutor responded, "I think if the Court gives me an opportunity to develop the testimony, we will see why it becomes relevant as far as the condition A, and also it is somewhat punishment evidence as well." The trial court overruled defense counsel's objection.

Ms. Johnson testified she became jealous when the other person arrived. Mr. Maxey and Ms. Johnson began fighting, which included him banging her head into the wall and grabbing her phone from her. Mr. Maxey had a gun with him that was "[o]n the restroom counter." She testified he told her he would kill her.

At that point in Ms. Johnson's testimony, the following exchange occurred:

Q. And at some point did someone come to the room, because there was a disturbance?

[DEFENSE COUNSEL]: Your Honor, I am going to object based on relevance, based on A(1), possession of a gun, she just testified there was possession of a gun. I don't think she needs to go any further.
. . . .
[PROSECUTOR]: Your Honor, I think—I am going to develop the testimony that she is the one that called 911 as well.

[DEFENSE COUNSEL]: And, Your Honor, again, for judicial economy and relevance, we pled true. She has established something that we have already pled true to. . . .

The trial court overruled defense counsel's objection.

Ms. Johnson testified that after a janitor came to the room to check on them, Mr. Maxey left and went to Waffle House. She asked him if she could use her phone

to call her mom to pick her up and he said no. She was able to get a phone from "a stranger that stayed at the room." She and the stranger went to Waffle House, where the stranger and Mr. Maxey had "a confrontation" during which Mr. Maxey "showed the gun." At that point, Ms. Johnson decided she needed to call 9-1-1.

In his first issue, Mr. Maxey contends the trial court abused its discretion "when it admitted testimony of extraneous offenses and bad acts over the objections of defense counsel." Mr. Maxey argues that though any evidence the trial court deems relevant to sentencing may be offered after a finding of guilt, the trial court abused its discretion when it "allowed [Ms. Johnson] to testify to Appellant's bad acts and extraneous offenses prior to adjudicating Appellant on any of the three offenses."

Generally, to preserve a complaint for appellate review, a party must present to the trial court a timely objection that states the specific grounds for the desired ruling if they are not apparent from the context. TEX. R. APP. P. 33.1(a); *see Pena v. State*, 285 S.W.3d 459, 463–64 (Tex. Crim. App. 2009). Here, the asserted bases for Mr. Maxey's trial court objections to the complained-of testimony were "relevance" and "judicial economy." On this record, we conclude those objections did not preserve the "extraneous offenses" complaint he asserts on appeal. *See Bunton v. State*, 136 S.W.3d 355, 370 (Tex. App.—Austin 2004, pet. ref'd) ("The Texas Court of Criminal Appeals has now made it clear that a general relevancy objection at trial does not preserve error concerning inadmissible extraneous

–5–

offenses."); *accord Rawlins v. State*, 521 S.W.3d 863, 870–71 (Tex. App.—Houston [1st Dist.] 2017, pet. ref'd).

**Offense and punishment in cause no. F17-75257-M**

Mr. Maxey's second and third issues pertain to the trial court's April 29, 2021 judgment in cause no. F17-75257-M. He contends (1) the trial court violated his right to due process "when it orally pronounced one sentence in the presence of Appellant and then signed a written judgment, when Appellant was not present, that was more severe than the oral sentence," and (2) "[p]er the Court's oral pronouncement, the written judgment should be reformed to memorialize that Appellant was convicted of the second-degree offense of robbery."

The State argues these issues "are moot because the trial court's unauthorized granting of a new trial in cause number F17-75257-M nullified all subsequent proceedings in that case." We agree.

A defendant may file a motion for new trial no later than thirty days after the date the trial court imposes or suspends sentence in open court. TEX. R. APP. P. 21.4(a). A trial court has no authority to grant a motion for new trial more than seventy-five days after sentencing. TEX. R. APP. P. 21.8(a); *State ex rel. Cobb v. Godfrey*, 739 S.W.2d 47, 49 (Tex. Crim. App. 1987). Any action on the motion by the trial court after that time expires is a nullity. *Godfrey*, 739 S.W.2d at 49; *see also Smith v. State*, 559 S.W.3d 527, 533 (Tex. Crim. App. 2018) ("A shock probation

–6–

hearing is not a new trial on punishment. A trial judge has no authority to issue a new judgment and sentence some five months after adjudication.").

Here, Mr. Maxey's December 4, 2017 motion for new trial in cause no. F17-75257-M was filed and granted more than four and one-half months after the trial court's July 10, 2017 adjudication and sentencing in that case. Thus, the granting of his motion for new trial and the subsequent proceedings and judgments in that case were nullities. *See Godfrey*, 739 S.W.2d at 49; *see also Smith*, 559 S.W.3d at 533.

Accordingly, we vacate the trial court's December 4, 2017 and April 29, 2021 judgments in cause no. F17-75257-M, reinstate the trial court's July 10, 2017 judgment and December 4, 2017 shock probation order in that case, and remand that case to the trial court "to proceed as if it had not granted a new trial." *Zaragosa v. State*, 588 S.W.2d 322, 327 (Tex. Crim. App. 1979) (directing that because trial court improperly granted motion for new trial, "The judgment of the second conviction is set aside, and the judgment of the original conviction is reinstated, and the trial court is ordered to proceed as if it had not granted a new trial."); *Harris v. State*, 958 S.W.2d 292, 294 (Tex. App.—Fort Worth 1997, pet. ref'd) (same). We affirm the trial court's April 29, 2021 judgments in trial court cause nos. F17-52204-M and F17-75276-M.

210353f.u05
210354f.u05
210355f.u05
Do Not Publish
Tex. R. App. P. 47.2(b)

/Cory L. Carlyle/
_____
CORY L. CARLYLE
JUSTICE

–7–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ARIK NYLES MAXEY, Appellant

No. 05-21-00353-CR       V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F17-75257-M.
Opinion delivered by Justice Carlyle. Justices Myers and Goldstein participating.

Based on the Court's opinion of this date, we **VACATE** the trial court's December 4, 2017 and April 29, 2021 judgments in this case, **REINSTATE** the trial court's July 10, 2017 judgment and December 4, 2017 order granting shock probation, and **REMAND** this case to the trial court for further proceedings consistent with this Court's opinion.

Judgment entered this 23rd day of June, 2022.



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

ARIK NYLES MAXEY, Appellant

No. 05-21-00354-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial District Court, Dallas County, Texas Trial Court Cause No. F17-52204-M. Opinion delivered by Justice Carlyle. Justices Myers and Goldstein participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 23rd day of June, 2022.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ARIK NYLES MAXEY, Appellant

No. 05-21-00355-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial District Court, Dallas County, Texas Trial Court Cause No. F17-75276-M. Opinion delivered by Justice Carlyle. Justices Myers and Goldstein participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 23rd day of June, 2022.